THE STATE OF VERMONT *v.* THEODORE A. PECK.

*Jurisdiction of a justice of the peace in prosecutions for selling intoxicating liquor.*

A justice of the peace has no jurisdiction to try a prosecution under the ninth section of the act of 1852, for being a common seller of intoxicating liquor.

State *v.* Peck.

But the joinder of a count for being a common seller with other counts for sell-ing intoxicating liquor in specific instances, in a complaint before a justice of the peace, will not render the whole complaint defective. The justice may try the respondent upon the counts within his jurisdiction to try, and examine and in his discretion discharge or bind him over to the county court upon the count for being a common seller.

APPEAL from the judgment of a justice of the peace in a pros-ecution for a violation of the law of 1852, prohibiting the sale of intoxicating liquors.

The first count in the complaint was for selling, the second for furnishing, and the third for giving away intoxicating liquor con-trary to law. The fourth count was for being a common seller of intoxicating liquor, and the fifth for owning, keeping and pos-sessing intoxicating liquor with intent to sell the same contrary to law.

The record of the proceedings before the justice showed that he found the respondent guilty of thirty-three offences under the first count, and that a fine was imposed therefor. There was no record of any adjudication whatever upon the remaining counts of the complaint.

In the county court the respondent demurred to the complaint, but the court, at the March Term, 1858, in Chittenden county,— BENNETT, J. presiding,—overruled the demurrer, and adjudged the complaint sufficient, to which the respondent excepted.

*Geo. F. Edmunds*, for the respondent.

*E. R. Hard*, State's Attorney, for the prosecution.

REDFIELD, Ch. J. I. In regard to the question whether a justice of the peace has jurisdiction to try the offence of being a common seller of intoxicating liquor, we all agree that it was probably the purpose and intention of the legislature to give such jurisdiction, but it is equally obvious that they have not done so in terms, or by any necessary implication. It might be wrought out by construction, in the same mode that this court have often been compelled to piece up the shreds of implications in a statute to make out what was intended to be enacted, and was not fully

expressed. This we have sometimes done in criminal cases, to save the entire failure of justice. But as here there is no necessity of doing that for this purpose, the county court clearly having jurisdiction to try the offence, we think it better to leave the matter there where many would consider it more appropriately belonged, and where all must admit it is safe to leave it, and where this statute and the general laws of the State upon the most obvious construction, do fix it. We, therefore, hold that a justice of the peace has no jurisdiction to try this offence.

II. But in regard to the effect of joining this count with the others, which the justice had jurisdiction to try, we are not able to perceive that any serious embarrassment should follow from the joinder of this count with the others.

It is not like a civil action, where the joinder of one count beyond the jurisdiction of a justice defeats the jurisdiction of the action.

Here the justice had jurisdiction of this count for the purpose of making inquiry and binding over the respondent for his final trial before the county court. The form of the complaint would be the same, whether the justice has jurisdiction to try the offence or only to bind over for trial, and we see no serious objection to joining them in one complaint. The justice might have bound over the respondent on this count and tried him upon the others, and no such embarrassment as was suggested would occur. The justice does not return his original papers, but sends up copies of the proceedings when offenders are recognized for trial in the county court. That might have been done here, and the respondent tried on the other counts. Or he might be discharged upon these counts and tried upon the others. It is much like joining a common assault and an assault with intent to murder in the same complaint before a justice. And even a common assault may exceed the jurisdiction of the justice to try. He must first inquire in regard to its enormity, and determine whether to try it or recognize the offender for trial in the county court. And we see no more inconvenience in holding a court of inquiry in regard to one of the counts, and a final trial upon the other. And if, being all of the same character, they are all heard together, there is no

difficulty in the justice disposing of them according to his different powers in regard to them. And as he made no order upon this count, which is equivalent to a discharge, that was a final disposition of this count, and the appeal did not bring it before the county court and the demurrer must be overruled.

If the justice had convicted the respondent upon this count, as he no doubt supposed he might do if the proof were sufficient, we do not apprehend that would have produced any serious embarrassment when the case was brought into the county court by appeal. For each count in the complaint is several and stands altogether upon its own merits. It is competent for the county court, upon an appeal, to quash one of the counts in a complaint and try the respondent upon another. Nor is the respondent entitled to a discharge on the count where the justice had jurisdiction to try, because one of the counts is defective or exceeds the jurisdiction of the justice to try, if he had jurisdiction of the offence there charged for any purpose. Nor should the entire proceedings be quashed because the justice entered up a wrong judgment upon the count, where he had only jurisdiction to bind over for trial. But no such question arises here, as the judgment entered on these counts was correct. The only real ground of complaint here seems to be that the justice really might have supposed he had jusisdiction to try this count. But that has not injured the respondent. The trial, if by the court, would be the same in either case, and upon an acquittal there would also be the same judgment in either case, whether the respondent was on final trial or on inquiry merely.

Demurrer overruled and case remanded to the county court.